UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
JOSE LUIS SANANGO, on behalf of himself and
others similarly situated,

                       Plaintiff,

-against-

TRATTORIA TRE COLORI, INC.,
MARCO GONZALEZ, VICTOR GONZALEZ,
and FELIPE GONZALEZ,

                       Defendants.
---------------------------------------------------------------------X

Case No. 19-CV-8534
(ALC) (SDA)

## SETTLEMENT AGREEMENT AND RELEASE OF WAGE AND HOUR CLAIMS

**WHEREAS,** Jose Luis Sanango (hereinafter, "Plaintiff") commenced an action against Trattoria Tre Colori, Inc., Marco Gonzalez, Victor Gonzalez, and Felipe Gonzalez (each singularly hereinafter referred to as "Defendant," and collectively hereinafter referred to as "Defendants") on September 13, 2019, in the United States District Court for the Southern District of New York (hereinafter, the "Court"), presently bearing Case Number 19-CV-8534 (ALC) (SDA) (hereinafter, the "Action") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and related regulations;

**WHEREAS,** Defendants filed their Answer on November 22, 2019, denying Plaintiff's allegations, and have contended that Plaintiff's allegations are unfounded and lack merit;

**WHEREAS,** Plaintiff and Defendants (each singularly hereinafter referred to as a "Party," and collectively hereinafter referred to as "Parties") desire to fully and finally resolve and settle in full all wage and hour claims that Plaintiff has, had, or may have against Defendants by way of this Settlement Agreement and Release ("Agreement");

**WHEREAS,** Plaintiff's counsel of record in the Action and Defendants' counsel of record in the Action have negotiated in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's respective claims, Defendants' respective defenses, and the *bona fide* dispute between the Parties;

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1.  **Consideration**

    (a) In full and final satisfaction of all issues between the Parties, Defendants shall pay to the Plaintiff the sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000) (the "Settlement Sum"). The Settlement Sum shall be allocated as follows:

    a. $16,884.15 to Plaintiff Jose Luis Sanango.

    b. $8,115.85 to Cilenti & Cooper, PLLC for attorneys' fees and costs.

    (b) The Settlement Sum shall be paid in one (1) lump sum payment within ten (10) days after the Court approves this Agreement, and dismisses the Action with prejudice. The settlement check shall be payable to "Cilenti & Cooper, PLLC, as attorneys."

    (c) The settlement check shall be delivered to Cilenti & Cooper, PLLC at 10 Grand Central, 155 East 44th Street – 6th Floor, New York, NY 10017 so as to be received no later than the date indicated above.

    (d) Cilenti & Cooper, PLLC shall be responsible for distributing the Settlement Sum to Plaintiff.

    (e) The Settlement Sum shall be paid to Plaintiff in exchange for full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving, or relating to Plaintiff's claims in the Action, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs.

    (f) Plaintiff expressly acknowledges and agrees that he is responsible for the payment of all federal, state, and local taxes, if any, which are required by law to be paid by him with respect to the above payments in Paragraph 1. If any taxing body determines that the tax treatment was incorrect and that greater amount should have been withheld from any payment above in Paragraph 1, Plaintiff acknowledges and assumes all responsibility for paying those amounts and further agrees to indemnify and hold Defendants harmless for payment of any additional taxes and any interest and penalties thereon.

2.  **Default**

    In the event that the Defendants fail to make the settlement payments in a timely manner pursuant to Paragraph 1 of this Agreement, Plaintiff shall provide notice of the default by facsimile and email to counsel for Defendants: Jian Hang, Esq., Hang & Associates, PLLC, 136-20 38th Avenue, Suite 10G, Flushing, New York 11354, Facsimile: (718) 353-6288, jhang@jhanglaw.com. Defendants will then have ten (10) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire amount remaining to be paid shall become due and owing as of the 11th day following receipt of said notice, together with liquidated damages in the amount of $5,000, with interest to

commence as of that date at a rate of 9% per annum on the amount remaining to be paid under this Agreement. Plaintiff shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement, including the right to move on notice to Defendants to have judgment entered against Defendants, jointly and severally, as a result of the default, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

**3.     Wage & Hour Release by Plaintiff**

In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with Defendants and any other compensation or wages. This release is limited solely and only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any wage or hour claims that may occur after that date, or any non-wage and hour claims.

**4.     Judicial Review/Dismissal of the Complaint**

(a)     Contemporaneously with the execution of this Agreement, the Parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal dismissing the Action with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The parties agree to submit this Agreement, together with the proposed Stipulation and Order of Dismissal, to the Court for Judicial review and approval.

(b)     In the event that, for any reason, any FLSA or NYLL claim brought by or on behalf of Plaintiff contained in a complaint, grievance, suit, action, charge, claim or proceeding existing as of the date of this Agreement is not wholly and finally dismissed with prejudice, (i) Plaintiff authorizes Defendants to obtain dismissal thereof; (ii) Plaintiff shall not testify, provide documents, or otherwise participate in any litigation or investigation arising therefrom, except as compelled by subpoena or law or provided herein; (iii) Plaintiff shall indemnify and shall hold

3

Defendants harmless against and will not obtain or accept on their behalf any recovery or relief in or from any such proceeding; and, (iv) Plaintiff shall reimburse Defendants for the legal fees and costs incurred defending any claim, action or proceeding initiated by Plaintiffs against Defendants.

## 5. Non-Admission

(c) This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever, and Plaintiff expressly acknowledges that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

(d) Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of Defendants that Plaintiff has suffered any damage. Additionally, the Parties agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

## 6. Attorneys' Fees

Except as set forth herein, Plaintiff and Defendants expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. No party shall be responsible or liable for the payment of any attorneys' fees for the other party except as set forth herein.

## 7. Acknowledgment

Plaintiff acknowledges that he is receiving consideration under this Agreement to which he is not otherwise entitled. Plaintiff acknowledges that he was represented by counsel of his choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represents that he had sufficient opportunity to consider this Agreement; that he read this Agreement and/or had this Agreement explained to them fully and carefully and understand its terms; and that he is signing it knowingly and voluntarily.

## 8. Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to the Action. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

4

#### 9. Choice of Law

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

#### 10. Effective Date

This Agreement shall become effective immediately upon the Parties' execution.

#### 11. Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

#### 12. Facsimile and Email Signatures.

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

#### 13. Severability.

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

DATED: 8/20, 2020        Jose Luis Sanango

                         /s/ Jose Luis Sanango

DATED: 9/2, 2020         Trattoria Tre Colori, Inc.
                         By: /s/
                         Its: PRESIDENT

5

DATED: __09/04__, 2020      Marco Gonzalez

DATED: __9/2/20__, 2020     Victor Gonzalez

DATED: __9/2/20__, 2020     Felipe Gonzalez